No. 03-437

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 3N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

ARTHUR RAY PEOPLES,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and for the County of Flathead, Cause No. DC-02-319(B),
                      The Honorable Katherine R. Curtis, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Kristina Guest, Appellate Defender Office, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Mark W. Mattioli,
            Assistant Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney; Daniel Guzynski, Deputy County
            Attorney, Kalispell, Montana


                      Submitted on Briefs:  April 13, 2004

                                Decided:  January 18, 2005

Filed:


                         Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     We have determined to decide this case according to Section I, Paragraph 3(d)(i), Montana Supreme Court Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Pursuant to Section I, Paragraph 3(d)(v) of these rules, the following decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2     Arthur Ray Peoples ("Peoples") appeals from an order of the Eleventh Judicial District Court, Flathead County, denying his motion to suppress evidence. We affirm.

¶3     The sole issue on appeal is whether the District Court erred in denying Peoples' motion to suppress evidence found during a search of his vehicle.

¶4     On August 28, 2002, a Kalispell police officer ("Officer McCarvel") received a confidential tip from a Wal-Mart employee that a black male accompanied by a female had purchased an unusual amount of Pseudoephedrine from the Wal-Mart Pharmacy. The employee was able to positively identify Peoples from a police photograph. Shortly thereafter, Sergeant Roger Nasset ("Sgt. Nasset") of the Kalispell Police was asked to assist in surveillance of a vehicle driven by Peoples and a female passenger. Sgt. Nasset was aware that Peoples' driver's license had been suspended. Sgt. Nasset contacted dispatch to confirm that Peoples' license was still suspended. A third Officer, Deputy Wingert, heard the radio traffic and responded to assist Sgt. Nasset in stopping Peoples' car. It was Deputy Wingert who initiated the actual stop. Sgt. Nasset arrived just after Deputy Wingert, and the two officers then approached Peoples' car. Peoples was in the driver's seat and a female

2

passenger was in the back seat.

¶5     The officers asked Peoples and his female passenger to exit the car as they observed both were behaving nervously. When Peoples and the woman got out of the car, the officers observed syringes, baggies containing a white substance, and other drug-related evidence in plain view inside the car. Upon this discovery, Officer McCarvel was called in to continue the investigation. The police impounded the car and searched it pursuant to a warrant. The search of the vehicle resulted in the discovery of nearly all of the precursors and materials necessary to produce methamphetamine.

¶6     Peoples was charged with Operation of an Unlawful Clandestine Laboratory and Criminal Possession of Dangerous Drugs. He filed a motion to suppress all the evidence found in his car on the basis that the police stopped him as a pretext to search for drugs. The District Court denied the motion concluding that the police had the particularized suspicion required to initiate a traffic stop of Peoples' vehicle because Peoples was driving while his license to do so was suspended. Relying on *State v. Farabee*, 2000 MT 265, ¶ 29, 302 Mont. 29, ¶ 29, 22 P.3d 175, ¶ 29, the District Court held the fact that the officers also used the stop to investigate the possibility that Peoples was engaged in illegal drug activity did not render the stop unlawful. The District Court further concluded that the drug evidence found in plain view during the traffic stop, together with information from a confidential informant that Peoples had purchased unusual amounts of Pseudoephedrine from the Wal-Mart Pharmacy, gave the police the requisite probable cause to get a search warrant for the car.

¶7     Peoples was convicted of both of the offenses with which he was charged.

3

¶8 In the District Court, Peoples argued that the police used the suspension of his driver's license as a pretext, after-the-fact, to justify the stop so they could investigate Peoples' drug activity. Peoples argued that even though the officers said they stopped him because his license was suspended, they failed to issue a citation to him on that basis, which proved the officers lacked the particularized suspicion necessary to make the stop.

¶9 On appeal, Peoples has changed his argument. He now asserts, for the first time, that the State did not have the requisite particularized suspicion to stop his vehicle because it failed to prove that Deputy Wingert had actual knowledge that Peoples' license was suspended at the time he made the stop, or that Deputy Wingert was actually directed to make the stop for that reason.

¶10 The rule is well established that a party may not raise new arguments or change his legal theory on appeal. *State v. Heath*, 2004 MT 58, ¶ 39, 320 Mont. 211, ¶ 39, 89 P.3d 947, ¶ 39. The issue regarding whether Deputy Wingert was required to have actual knowledge of the reason for the stop in order to establish particularized suspicion was not raised in the District Court. Therefore, it is not properly before us on appeal. We decline to discuss this issue.

¶11 On the face of the briefs and the record before us on appeal, it is manifest that the appeal is without merit. The District Court correctly interpreted the legal issues before it at the time of Peoples' suppression hearing in accordance with settled Montana law.

¶12   Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE